Ransom GANT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1453.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1974.

Decided Dec. 3, 1974.
Certiorari Denied March 31, 1975.
See 95 S.Ct. 1449.

Thomas Bradshaw, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Robert Ulrich, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal from a jury conviction for wilfully failing to appear for trial as required challenges the sufficiency of the evidence to convict and claims that prejudicial comment by the trial court denied appellant a fair trial. We affirm.

The indictment upon which appellant was convicted charged that appellant, having been arrested on the charge of violating the Mann Act, 18 U.S.C. § 2421, and having been released pursuant to the provisions of 18 U.S.C. § 3146 upon a $10,000 secured bond and his promise to appear at all his scheduled hearings as required by the United States District Court at Springfield, Missouri, on July 23, 1973, wilfully and unlawfully failed to appear for trial as required, in violation of 18 U.S.C. § 3150.

The trial record discloses that appellant was released from custody after his arrest on the Mann Act charge by posting a $10,000 secured bond in Indiana. Thereafter he appeared before a United States Magistrate in Springfield, Missouri, where he signed a form entitled "Order Specifying Methods and Conditions of Release," which specifically provided that he would, among other things, report his residence address, employment address, or office address each week in writing to the United States Attorney. He also agreed therein to notify the magistrate or court promptly in the event he changed the address indicated thereon. Subsequent thereto he ap-

peared for an omnibus hearing before the magistrate and, thereafter, before the district court at his arraignment on April 16, 1973. Attorney Wayne Smith was then appointed to represent him.[1]

The criminal docket of the United States District Court at Springfield, Missouri for July 23, 1973 was prepared and mailed to attorneys of record for all parties approximately two weeks prior to the setting. The first entry listed appellant's case for trial.

At the docket call the trial court announced that "the first case that was to be tried this morning (appellant's) * * * will be reset for tomorrow morning at nine-thirty." Attorney Smith then advised the court he had been unable to get in touch with appellant despite the fact that he had mailed notice to two addresses[2] furnished by appellant and had made several phone calls to two numbers supplied by appellant. Appellant's co-defendant and his attorney, who were present, also indicated they had no knowledge as to appellant's whereabouts. After directing that appellant's name be called three times, the court ordered that appellant's bond be forfeited and a warrant issue for his arrest.

The testimony further disclosed that appellant was using names other than his own during the summer of 1973 and at the time of his arrest on the instant charge on September 20, 1973. Appellant in his testimony admitted that at no time had he contacted the United States Attorney's Office or the Magistrate's Office concerning a change of address, but he did claim he had contacted Attorney Smith's office each time he changed his address but at no time received notice of a trial date. The matter of credibility was, of course, for the jury.

---

1. Apparently replacing other counsel who no longer represented appellant.

2. One of the addresses was the same as specified by appellant on the "Conditions of

Release" form furnished by appellant to the magistrate. One of the letters was dated July 9, 1973, postmarked July 10, 1973, and returned marked "addressee not at this address."

■ The thrust of appellant's claim in this appeal with respect to the insufficiency of the evidence charge is that "there never was any order entered setting [his] case for trial" July 23, 1973. He contends the criminal docket which was mailed to his attorney does not indicate that his appearance with his attorney at the docket call was required. His contention is completely devoid of merit. The criminal docket mailed to appellant's attorney approximately two weeks ahead of time clearly orders appellant's case as the first case for trial July 23, 1973. His attorney promptly attempted to locate him by mail and by telephone. Had appellant kept his attorney, the United States Attorney, or the magistrate informed of his whereabouts, he would have received the notice of the trial setting. Appellant cannot avoid his responsibility to appear for trial by wilfully becoming a fugitive from justice. *See* United States v. DePugh, 434 F.2d 548 (8th Cir. 1970). The evidence strongly supports the jury's finding that appellant wilfully failed to appear for trial as required.

Appellant contends that the court's comments to the jury at the close of the case in connection with the giving of the instructions were of such a nature as to indicate bias and prejudice against the appellant and that his evidence was not as credible as the government's, thus denying appellant a fair trial. More particularly, appellant argues that the court's summary of appellant's evidence was comparatively brief; implied that appellant's testimony was not believable; emphasized that it was appellant's duty to keep his attorney and the district attorney advised of his current address and thereby implied that the jury could convict the appellant for failure to abide by the conditions of release rather than solely for failure to appear as required.

■ The trial judge is not limited to abstract instructions. He may comment upon the evidence so long as he does so fairly and impartially, and he may express his opinion upon the facts so long as he makes it clear to the jury that all matters of fact are submitted to their determination. "The influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.'" It is therefore the duty of the trial judge to use great care that an expression of an opinion upon the evidence "should be given so as not to mislead, and especially that it should not be one-sided." Quercia v. United States, 289 U.S. 466, 469–470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1932); United States v. DePugh, 434 F.2d 548, 554–555 (8th Cir. 1970). The court may express its opinion of the guilt of the accused only where all the facts are admitted by the accused and only a question of law remains. When the essential element of intent is in dispute, an expression by the court that such element has been established by the government is the equivalent of an expression of an opinion of guilt, which is reversible error. United States v. Brandom, 479 F.2d 830 (8th Cir. 1973).

■ We have reviewed the record in light of the foregoing principles and are satisfied that the comments of the trial court in summarizing the evidence were within the bounds of propriety and did not constitute reversible error. In giving the instructions the trial judge explained to the jury that he had a right to summarize the evidence but the jury was the sole judge of the facts.

In summarizing the evidence with respect to the three essential elements that the government had the burden of establishing beyond a reasonable doubt, the trial court expressed the view that the only factual issue in dispute was whether the defendant wilfully failed to appear as required by the court. There was no question but what defendant was released on bond pursuant to 18 U.S.C. § 3146. The bond and "Conditions of Release" were in evidence. The defendant

acknowledged he had signed them. Similarly, there is no question but what the trial docket was mailed to defendant's attorney of record indicating defendant was required to appear on July 23, 1973. The third element was the only issue in dispute—whether defendant wilfully failed to appear as required.

■ Appellant's principal objection relates to the court's summarization on the issue of wilfulness. He particularly argues that the court's references to the appellant's duty to keep his attorney and the district attorney advised on his current address interjected issues into the case which were not properly before the jury and implied that the jury could convict the appellant for failure to abide by the "Conditions of Release" rather than solely for failure to appear as required. Violation of one of the conditions of his release by failing to keep his attorney or the district attorney advised of his whereabouts is not alone sufficient to establish a violation of 18 U.S.C. § 3150, but it is one of the factors to be considered in connection with wilfulness. United States v. DePugh, *supra*; United States v. Reed, 354 F. Supp. 18 (W.D.Mo.1973). The court's comments must be considered as a whole and in the context of all the evidence. For example, the court advised the jury that if the defendant had an address by which his own attorney or the district attorney or the magistrate could have notified him of the trial setting, "I think you should acquit him."

Although we are satisfied, after considering as a whole all of the instructions and the court's summarization, that no reversible error was committed, we emphasize again: " * * * The trial court commands the attention and respect of the jury. Great care must be exercised so as to avoid the appearance of advocacy for a particular party. * * *." Scruggs v. United States, 450 F.2d 359, 362–363 (8th Cir. 1971).

Affirmed.