**UNITED STATES of America, Appellee,**

v.

**Richard Wayne WETZEL, Appellant.**

**No. 74–1564.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1974.

Decided March 31, 1975.

John R. Baylor, Lincoln, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and WEBSTER, Circuit Judge.

WEBSTER, Circuit Judge.

Richard Wayne Wetzel failed to surrender himself to the United States Mar-

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

shal at Lincoln, Nebraska, on January 21, 1974, as he had been ordered to do on January 16, 1974, following receipt of this court's mandate affirming his conviction for violation of 18 U.S.C. §§ 2317 and 371. *See* United States v. Wetzel, 488 F.2d 153 (8th Cir. 1973). Following his subsequent arrest in St. Paul, Nebraska, he was charged with violating 18 U.S.C. § 3150 (willful failure to appear in court)[1] and was found guilty thereof in a jury trial. It is from this conviction that he appeals, contending (1) that the government failed to prove the element of willfulness required by the statute and (2) that the admission of evidence of his prior criminal activity was prejudicial error. After careful consideration of the record and the arguments advanced in the briefs, we affirm the judgment of conviction.

At the trial the government established that on January 17, 1974, Wetzel received a copy of the District Court order requiring him to surrender to the U. S. Marshal in Lincoln on January 21, 1974, at 10:00 a.m.; that Wetzel did not appear and that he was arrested on or about February 15, 1974, in St. Paul, Nebraska. In his effort to locate Wetzel the deputy marshal had contacted federal and state law enforcement officers in Lincoln and in Wetzel's home county. He attempted to locate Wetzel by a telephone number listed on defendant's bond and conditions of release and was advised that the phone had been removed.[2] The government also offered documentary evidence to show that, prior to the alleged offense and while charges in the earlier case were pending, Wetzel had violated the provisions of his bond relating to travel and that a new bond with more severe restrictions had been ordered.

Upon this evidence the government rested. The District Court overruled defendant's motion for judgment of acquittal, holding the government had made a prima facie case, including the element of willfulness. Thereupon, the defense offered evidence that Wetzel had suffered from "blackouts" and severe headaches which were aggravated by family problems. His wife testified that Wetzel suffered from moments of blindness, as well as periods of depression. She testified that Wetzel had not recognized her on February 20, 1974, when she came to see him following his arrest and that he was using the name "Robert Day." She further testified that Wetzel did know her on their next visit, which took place March 5, 1974.

The defendant, thirty-six years of age, testified that he experienced his first blackout on October 13, 1972, after his arrest on the earlier charges. He had experienced similar difficulties in 1969 following an accident in which he had suffered a head injury.

Wetzel acknowledged receiving notice of the order to appear on January 21, 1974. He had attempted through his attorney to postpone his surrender pending a petition for certiorari but was informed by his attorney that the trial judge would not grant a stay or permit him to proceed on appeal in forma pauperis. Wetzel testified that on the morning of January 21, 1974, he left his house with the intention of surrendering himself to the District Court. En route

---

1. § 3150. Penalties for failure to appear

   Whoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both * * *.

"[P]ursuant to this chapter" refers to Chapter 207, 18 U.S.C., which contains the Bail Reform Act of 1966 of which § 3150 is a part. United States v. DePugh, 434 F.2d 548, 553 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971). It is undisputed that Wetzel had been released pursuant to the Bail Reform Act of 1966.

2. The bond required Wetzel to appear in court whenever required to do so and to observe specified restrictions on travel.

he made a telephone call to his attorney from a truck stop and was told that certiorari papers had not been filed. He testified that the last thing he remembered was having a cup of coffee at the truck stop and that his next memory was of his appearance in a courtroom in York County, Nebraska, following his apprehension. He claimed no recollection of having been in St. Paul.[3]

### Willfulness

■ The District Judge, in denying the motion for judgment of acquittal, did not respond directly to the argument of defense counsel that willfulness may not be assumed from mere failure to appear. Instead, he held that there were "factors and circumstances which conceivably, reasonably [could] lead the jury to conclude that there had been a wilful failure to appear." Wetzel chose not to stand on his motion but instead introduced evidence in his own defense. We need not determine whether the government's case alone was sufficient, for in these circumstances we examine the evidence as a whole, including that offered by the defendant. United States v. Geelan, 509 F.2d 737, 742 (8th Cir. 1974), and cases cited therein.

■ Appellant relies heavily upon United States v. Reed, 354 F.Supp. 18 (W.D.Mo.1973), wherein the district judge held that the government was required to introduce some independent evidence of willfulness after the parties had stipulated that the defendant was incarcerated in another state during the time scheduled for his court appearance. This is not such a case. The government's evidence established (1) that Wetzel had an awareness of his obligation to be present in court when required under his bond derived from his earlier violation of travel restrictions, (2) that he received actual notice of the order to appear and (3) that he failed to keep the authorities informed of his whereabouts. From these facts and circumstances the

jury could reasonably have believed that Wetzel's failure to appear was not due to inadvertence or mistake but was in fact willful and intentional. See Gant v. United States, 506 F.2d 518 (8th Cir. 1974); United States v. DePugh, 434 F.2d 548 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971). Additionally, the jury could reasonably have found Wetzel's testimony that he was a victim of amnesia to be incredible, as it obviously did, thus giving additional weight to a finding of willfulness.

■ It is true that the evidence of willfulness was circumstantial rather than direct, but in common experience circumstantial evidence is most likely to be the only evidence of a subjective state of mind. See United States v. Delay, 500 F.2d 1360, 1363 (8th Cir. 1974); United States v. Lawson, 483 F.2d 535 (8th Cir. 1973), cert. denied, 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757 (1974); United States v. Wilkinson, 460 F.2d 725 (5th Cir. 1972). The District Court correctly instructed the jury on the requirement of willfulness:

An act is done wilfully if done voluntarily and with intent to do something the law forbids; that is to say, with the purpose either to disobey or disregard the law; it is an attitude of mind and carries with it the thought of intentional ignoring of the law or an indifference to its provisions. In order for the defendant to have committed the crime as charged in the indictment, you must find that the defendant's actions were wilful and intentional, as distinguished from inadvertent or by mistake.

Wilfulness can rarely be proved directly, but it may be inferred from circumstantial evidence. The acts, omissions, or words of a person may give evidence of that person's state of mind. Ordinarily, it is reasonable to infer that a person intends the natural and probable consequences of conduct

---

3. A psychiatrist, called to testify on behalf of the defendant, testified that the medical profession recognizes that memory losses occur, but he was unable to form an opinion in this case without further testing of the defendant.

knowingly undertaken or knowingly omitted.[4]

It is for you to determine from all the facts and circumstances in evidence whether the defendant "wilfully" failed to appear as required.

### Evidence of Prior Criminal Activity

Also challenged is the admission of evidence, introduced by the prosecution, that Wetzel had traveled to Iowa in January, 1973, in violation of a different condition of a different bond. Appellant contends that evidence of such activity, which did not constitute a separate violation of § 3150, was so dissimilar to the crime on trial that its prejudicial effect outweighed its probative value.

■■■ We disagree. While Wetzel's past activity was not identical to the violation of § 3150 with which he was charged, the incidents were sufficiently similar and reasonably related for it to be of considerable probative value. *See* United States v. Gocke, 507 F.2d 820, 825 (8th Cir. 1974). Evidence that Wetzel had violated a bond condition in the past was clearly relevant to whether his January, 1974, failure to appear was willful.

"Where specific intent and guilty knowledge are elements of the crime charged, evidence of related criminal activity tending to establish those elements is generally admissible." United States v. Gocke, *supra*, 507 F.2d at 824; *see* United States v. Spica, 413 F.2d 129, 131 (8th Cir. 1969). Such evidence is also admissible to negate the likelihood that the crime for which the defendant is on trial was committed as a result of inadvertence, accident or mistake. United States v. Gocke, *supra*, 507 F.2d at 824–25; Atwell v. Arkansas, 426 F.2d 912, 914 (8th Cir. 1970); Love v. United States, 386 F.2d 260, 266 (8th Cir. 1967), cert. denied, 390 U.S. 985, 88 S.Ct. 1111, 19 L.Ed.2d 1286 (1968).

Judge Urbom carefully instructed the jury that the evidence of Wetzel's past bond violation was not to be considered as having "any bearing on any aspect of this case except the essential element of wilfulness." In view of the essential elements of the crime to be proven and the limiting instruction read to the jury, we find that the probative value of the challenged evidence far outweighed whatever minimal prejudicial effect it may have produced.

Affirmed.

---

**4.** Appellant characterizes this *inference* as a "presumption" which enabled the government to obtain a conviction without proving the element of willfulness. We disagree. The inference, in the context of the charge as a whole, merely emphasizes the lack of direct evidence normally available for establishing intent. Judge Urbom had instructed the jury that "the law presumes the defendant to be innocent of any offense * * * until the evidence satisfies you of the defendant's guilt beyond a reasonable doubt"; he later advised the jury that "[u]nless and until outweighed by evidence in the case to the contrary, the law presumes * * * that the law has been obeyed." There is no error here. *Cf.* United States v. Wilkinson, 460 F.2d 725 (5th Cir. 1972). Further, in conditioning intent on "conduct knowingly undertaken or knowingly omitted," this instruction left ample latitude for the jury to accept or reject Wetzel's amnesia defense.