UNITED STATES of America, Appellee,

v.

Jack F. DiBENEDETTO and Phillip J. Forte, Appellants.

No. 76–1305.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1976.

Decided Oct. 7, 1976.

A. Glenn Sowders, Jr., Kansas City, Mo., argued and on brief, for appellants.

David B. B. Helfrey (argued), Burt C. Hurn, U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendants were jointly tried and convicted on a multiple count indictment charging violations of 26 U.S.C. §§ 7206(1) and 7201. Defendant DiBenedetto appeals from his conviction by a jury on Counts I and VII of the indictment charging knowingly filing false corporate income tax returns, in violation of 26 U.S.C. § 7206(1), and on Counts II, V, and VIII charging knowingly and willfully filing false and fraudulent individual income tax returns, in violation of § 7201, and the resulting sentence. Defendant Forte appeals from his conviction on Counts III, VI and IX of the same indictment, charging § 7201 violations, and on Count IV, charging § 7206(1) violation, and the resulting sentence.

Defendants DiBenedetto and Forte were equal owners of Motel Capri, Inc., a Sub-Chapter S corporation, which did not directly pay income tax but filed required information returns. The individual owners were required to report and account for the income filed in the corporate information returns. Both the corporation and the individuals operated upon a cash income basis. The corporation was engaged in the business of operating a motel, lounge and restaurant. The § 7206(1) charges are based on defendants' filing false and fraudulent corporate returns. The § 7201 charges are based on defendants' intentionally, knowingly and willfully filing false individual tax returns with intent to evade income tax. The years involved are 1970, 1971 and 1972.

Internal Revenue Agent Paulsen testified and demonstrated that the corporation had underreported taxable income in 1970 by $16,443.52, which consisted of $15,786.59 in unreported Mastercharge and Bankamericard receipts, and $2,205.75 in Missouri Sales Tax deducted in excess of the amount paid to the State of Missouri. For the year 1971, he determined that the corporation had underreported income by $15,611.91, which consisted of $14,170.59 in unreported Mastercharge and Bankamericard receipts, and $2,552.75 in Missouri Sales Tax deduct-ed as an expense in excess of the amount paid to the State of Missouri. For 1972, he determined the corporation underreported its income by $28,828.76, which consisted of $28,049.57 in unreported Mastercharge and Bankamericard receipts, and $3,213.57 in Missouri Sales Tax expense deducted in excess of the amount paid to the State of Missouri. The unreported income for each of the years was calculated after allowing some minor deductions. He further testified that one-half of such unreported income for each year was attributable to each defendant for each of the years involved, and that defendants, by failing to include such income in their individual returns, substantially understated their liability for income tax for each of the years involved. Defendants have not disputed such computations and have, subsequently to the audit, filed amended returns and paid taxes due on the amounts determined due by the audit.

Points relied upon for reversal are:

I. The court erred in denying their motion for acquittal made at the close of all the evidence because the Government failed to prove the defendants willfully and knowingly violated the statutes they are charged with violating.

II. The court committed plain error and prejudicial error in its materiality instruction.

We affirm the convictions for the reasons hereinafter set out.

## I.

As heretofore stated, defendants do not challenge the fact that the corporate income and consequently the individual income derived from the corporation were substantially understated as claimed and established by the Government. Their defense is based on their contention that the understatements were inadvertent and were the result of errors by their bookkeepers. They contend they had no knowledge the returns were false and that the Government has failed to establish that they had a specific intent to defraud or that their actions were willful.

The Government properly concedes that in prosecutions under §§ 7201 and 7206(1) here involved the burden is upon the Government to establish beyond a reasonable doubt that the defendants acted willfully with the specific intention to violate the criminal statutes under which they were indicted, and that such willfulness and intent is not established by the mere understatement of income.

Willfulness in a criminal tax case may be established by a consistent pattern of not reporting large amounts of income. *Sansone v. United States,* 334 F.2d 287, 292–93 (8th Cir. 1964), *aff'd,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *United States v. Rischard,* 471 F.2d 105, 107 (8th Cir. 1973); *Blackwell v. United States,* 244 F.2d 423, 429 (8th Cir. 1957).

The Government's evidence supports a finding by the jury that the corporate and individual returns failed to include substantial motel receipts from Mastercharge and Bankamericard for the entire 1970 to 1972 period, and also failed to include as income the substantial difference between Missouri sales tax collected and the amount of such tax paid to the state of Missouri.

Defendants attempt to place the blame for their understated income upon errors made by their bookkeepers. They testified they had no knowledge their income was understated and that they had no intent to make false returns to avoid income tax. The jury, on the record before it, was warranted in rejecting such contentions. The evidence supports a finding that the defendants instructed their bookkeepers to exclude Mastercharge and Bankamericard receipts from the cash received section of the daily control report, which was the report used for determining income.

Mastercharge and Bankamericard charge accounts were paid immediately upon presentation to the local bank, and deposit slips for such items were reflected in the accounts receivable record of the corporation, but were not reflected in the daily report of receipts used for tax purposes. Mr. Jones, the night clerk who prepared most of the daily control reports, testified that the defendants instructed him not to show Mastercharge and Bankamericard receipts on the cash report section of the daily control reports. Since only the cash report portion was used for income tax purposes, the Mastercharge and Bankamericard receipts did not enter into the computation of the corporate income. Defendant DiBenedetto testified that early in 1972 he noticed they were accumulating some money when their profit and loss statement was not showing a great amount of profit. There is also evidence, which is disputed, that DiBenedetto instructed the bookkeeping service which prepared the returns to use only cash received lines of the daily control report, which did not include the Mastercharge and Bankamericard receipts in determining the motel income.

The transcript of the trial consists of some 616 pages. We see no purpose in prolonging this opinion by discussing the evidence in further detail. A careful examination of the record convinces us that the jury had before it substantial evidence to support a finding that each of the defendants willfully subscribed to false corporate information returns and that each of them willfully attempted, with an intent to do so, to evade a portion of their income tax due for the years 1970, 1971 and 1972 by filing false and fraudulent individual income tax returns which substantially understated their income.

## II.

Defendants upon appeal object for the first time to an instruction of the court reading as follows:

You will remember that the indictment, in the instructions, reference is made to whether or not the allegedly false statements were material. This is the question of materiality, and I want to give you this instruction on that issue:

The question of materiality of the allegedly false statements, that is, the understatement of the taxable income of the Motel Capri in 1970, 1971 and 1972, by $16,467.82, $15,499.28 and $28,650.17, respectively, if you so find is a question of

law for the court. I have concluded that the false statements charged, if you find that they were made, were material statements, and there is no issue of materiality for you to decide.

No exceptions were taken to this instruction. Thus the defendants can prevail on this issue only if the giving of the instruction constitutes plain error under Rule 52(b), Fed.R.Crim.P. This court, along with courts in general, have applied the plain error rule sparingly and only in situations where it is necessary to do so to prevent a great miscarriage of justice. *United States v. Mooney,* 417 F.2d 936, 939 (8th Cir. 1969); *Black v. United States,* 309 F.2d 331, 342 (8th Cir. 1962).

The court, in its instruction, properly stated the essential elements of each offense charged, one of which is materiality. There is no factual dispute as to the substantial understatement of income hereinabove described. It is inconceivable that a jury would consider such substantial understatements as immaterial.

The evidentiary dispute in this case was on the issue of defendants' intent. Since defendants admitted that they omitted substantial amounts of income in the returns here involved, it is doubtful whether any error was committed in the court's instruction that the understatements were material as a matter of law. However, we need not resolve such issue as we are thoroughly convinced that if any error was committed, it was not prejudicial. We are satisfied that the asserted error in the instruction led to no miscarriage of justice. *See United States v. Goings,* 517 F.2d 891, 892 (8th Cir. 1975). No plain error has been established.

Affirmed.