UNITED STATES of America, Appellee,

v.

Roy F. VAN HORN, Appellant.

No. 76–2048.

United States Court of Appeals,
Eighth Circuit.

Submitted March 22, 1977.

Decided April 4, 1977.

Rehearing Denied May 4, 1977.

Gregory K. Johnson, Springfield, Mo., filed brief for appellant.

Bert C. Hurn, U. S. Atty., and David H. Jones, Asst. U. S. Atty., Springfield, Mo., filed brief for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Roy F. Van Horn appeals from a jury conviction on the charges of transferring and possessing an illicit firearm, in violation of 26 U.S.C. § 5861(d). The sole issue raised in this appeal is whether the district court's[1] comments to the jury at the close of the evidence denied defendant Van Horn a fair trial. We affirm.

Van Horn was jointly charged and tried with Jimmy M. Jones. The evidence consisted primarily of the testimony of a special agent with the Bureau of Alcohol, Tobacco, and Firearms, Virgil Walker, and that of defendant Van Horn.[2] Defendant Jones did not present any evidence.

Agent Walker testified that as part of his undercover duties he was employed by Van Horn as his driver and bodyguard, and that he asked Van Horn two times to help him purchase a pistol or a shotgun. He stated that he and Van Horn went to a bar on June 4, 1976, where Van Horn spoke to Jones several times, returned to tell Walker he could buy a shotgun for $30, took Walker's money and returned to talk with Jones. After Walker saw Jones and the bartender converse, Van Horn returned and told Walker to drive to the back of the bar. Jones and Van Horn then delivered a sawed-off shotgun to Walker.

Van Horn's testimony confirmed Walker's, except that he asserted the defense of entrapment, stating that Walker asked him at least a dozen times to get him a gun, and that he only assisted in the purchase because of Walker's persistence. He said that he "slipped" the money to the bartender, and admitted that he knew this was something he shouldn't be doing, and that he was "doing wrong in doing it."

In his charge to the jury, the trial judge made the following comments at the conclusion of the instructions:

To summarize the evidence very briefly—and please don't take anything that I say as indicating in any way how I think you ought to decide the case. Of course, I know how I would vote if I was on the jury and I heard the same evidence you did, but that is not my function and I am not indicating in any way, don't want to, how I would vote.

The government's evidence is there was a transfer from somebody to somebody of a shotgun, of a sawed-off shotgun, it is in evidence. These two defendants stand charged in that count, transfer. A considerable amount of the evidence would indicate that transfer, what you and I would call the transfer, was from Songer to the agent. Songer is not here to say it wasn't so, so that seems to be it. That is, Songer had it first and the agent ended up with it in one transaction.

As I defined to you, aiding and abetting, any person who knowingly, willfully and intentionally participate in that transaction and participate in it to the extent that he wished to bring it about, wished to have it completed, wished to see that it was done, is guilty as a principal under the law of this country, he is guilty.

Now, I might comment that Mr. Moomaw has argued that his defendant, Mr. Jimmy Jones, there is no evidence that he knew it was a sawed-off shotgun, he knew it was an illegal transaction. There is enough evidence in this case, in my

---

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

2. The only other witness, another government special agent, merely identified the weapon given to him by Walker.

opinion, for you to determine what his state of mind was at this time. There is, of course, no direct evidence as to that and, of course, if you have a reasonable doubt in your mind that the defendant Jones—if you find he participated, if you find that he participated, aided, abetted in any way in this transaction, if you have a reasonable doubt that he knew that there was anything illegal about the transaction, that there was an illegal weapon being sold in an illegal manner, he is not guilty of aiding and abetting in that transfer, you see.

Of course, the same things apply to Mr. Van Horn. If he didn't know it was an illegal transfer because that is an essential part of it.

You are entitled to take into account the whole circumstances of the case. There is evidence on the part of the government that the money was passed around the end of the bar surreptitiously, that the gun was not delivered over the bar, "Here is your gun, take it, thank you", that it was a surreptitious, kind of a furtive sort of transaction, and those are the kind of things that you take into account in determining that, and you never convict anybody on suspicion or conjecture. You have to use your own conscience—we have a saying, you don't leave your conscience behind when you go in the jury room. Use your own conscience, remember the principle of reasonable doubt, we don't convict people on suspicions or conjecture. If there is a reasonable doubt in your mind as to the guilt of either defendant, as to either count of this indictment, you find him not guilty, that's your duty under the law.

Appellant contends that the trial court erred in commenting favorably on the government's evidence while ignoring evidence presented on the defense of entrapment, and that use of the words "surreptitiously" and "furtive" conveyed to the jury the judge's opinion that Van Horn was guilty.

■ We note at the outset that defendant Van Horn did not object to the court's comments before the jury retired, as required by Fed.R.Crim.P. 30, or when given opportunity to object immediately thereafter. Accordingly, no error is preserved for review, and this court may only reverse if it finds plain error affecting substantial rights. Fed.R.Crim.P. 52(b); *United States v. DiBenedetto*, 542 F.2d 490, 494 (8th Cir. 1976); *United States v. Robinson*, 539 F.2d 1181, 1185 (8th Cir. 1976).

■ Traditionally, the plain error rule is applied with caution and only to prevent a great miscarriage of justice. *United States v. DiBenedetto, supra*, 542 F.2d at 494. In determining whether or not a trial court's comments to the jury are prejudicial to the defendant, the trial setting in which the charge is made must be considered. *United States v. Carter*, 528 F.2d 844, 852 (8th Cir. 1975), *cert. denied*, 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976). Appellant admitted that he knew the transaction was illegal, and based his defense entirely on entrapment. He stated he knew he was "doing wrong in doing it," and that he wiped his fingerprints off the gun. He admitted on cross-examination that he knew this was something he should not be doing, and that he knew it was illegal for Walker to buy a gun. Therefore, the only factual issue before the jury with respect to defendant Van Horn was whether or not he had a previous intent or purpose to violate the law or was induced or persuaded by Walker to commit the crime.

■ Appellant contends that the court conveyed its opinion of Van Horn's guilt to the jury by use of the words "surreptitiously" and "furtive." A court may express its opinion upon the facts so long as it makes it clear to the jury that all matters of fact are submitted to their determination. *Gant v. United States*, 506 F.2d 518, 520 (8th Cir. 1974), *cert. denied*, 420 U.S. 1005, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). However, expression of an opinion of guilt is reversible error, as is a statement by the court that the government has established intent when that essential element is in dispute. *Gant v. United States, supra*; *United States v. Brandom*, 479 F.2d 830, 833 (8th Cir. 1973).

In the instant case, defendant Van Horn did not dispute the fact that he intended to violate the law at the time the crime was committed; he relied on the defense of entrapment and therefore the issue before the jury was whether he had a prior intent to commit the crime or was induced to do so by Walker's requests. The district court did not express an opinion as to Van Horn's intent to commit the crime prior to Walker's requests, nor does it point out to the jury any evidence that would prove such a predisposition. Therefore, even if the district court's comments conveyed to the jury its opinion that the transaction was surreptitious and furtive, and thus evidence of intent at the time of the transaction, they did not indicate an opinion as to Van Horn's predisposition and were not prejudicial to Van Horn.

In his argument that the court committed reversible error by summarizing the government's evidence and ignoring evidence presented on the defense of entrapment, appellant relies on *United States v. Dunmore*, 446 F.2d 1214 (8th Cir. 1971), *cert. denied*, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972). Unlike *Dunmore*, however, in the instant case the court's comments were relatively brief and it did not give a detailed summary of the government's evidence. Furthermore, the evidence concerning Van Horn's knowledge, as summarized by the court, was not disputed by defendant. Indeed, Van Horn admitted knowing that the transaction was an illegal one. Therefore, we conclude that the court's brief summation of evidence on a factual issue not disputed by Van Horn could not have been prejudicial to Van Horn.

Finally, we note that the trial court fully instructed the jury concerning the defense of entrapment. Furthermore, the jury was instructed that they were the sole judges of the facts and the credibility of the witnesses. Viewing the trial court's charge to the jury in its entirety, we are satisfied that no prejudicial error has been committed. *United States v. Cartano*, 534 F.2d 788, 793 (8th Cir. 1976); *United States v. Carter, supra*, 528 F.2d at 852.

Appellant filed a pro se addendum to his brief in which he urges entrapment as a matter of law. After examining the record, we are satisfied that the issue of entrapment was a matter to be determined by the jury.

Affirmed.

LAY, Circuit Judge, concurring.

I join the majority opinion only to the extent that it holds that the court's comments do not constitute plain error. If a proper objection had been made to the court's comments, I would have some difficulty in holding that they did not constitute error. Based on the court's comments, prefaced by "I would know how I would vote," no juror of average intelligence and perception would have any difficulty in understanding the court's attitude concerning the defendant's guilt. I am aware that a trial judge has the right to make fair comments on the evidence and that this right has its roots in early common law.[1] However, in this day and age, few trial judges exercise this prerogative and I must add that I fail to see the necessity for a trial judge to ever do so. *See United States v. Brandom*, 479 F.2d 830, 838 (8th Cir. 1973) (Lay, J., concurring); *Rogers v. United States*, 367 F.2d 998, 1003 (8th Cir. 1966) (Lay, J., dissenting). When a trial judge elects to do so, it always creates problems for appellate courts and, more often than not, results in the frustration of the effective administration of our criminal justice system. *See Bollenbach v. United States*, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946); *United States v. Brandom, supra*; *United States v. Dunmore*, 446 F.2d 1214

---

1. Rule 105 of the Federal Rules of Evidence as originally proposed recognized the right of a trial judge to make objective and fair comment on the evidence. However, it is noteworthy that Congress eventually deleted this particular Rule. For a full discussion, see 1 J. Weinstein & M. Berger, *Weinstein's Evidence*, Congressional Action on Standard 107, 107–1 to 107–4 (1975).

(8th Cir. 1971); and *Cook v. United States,* 18 F.2d 50 (8th Cir. 1927).

## ORDER DENYING PETITION FOR REHEARING

Appellant has petitioned for rehearing on grounds that the district court did not fully comply with Fed.R.Crim.P. 30, in affording counsel for defendant-appellant an opportunity to object to jury instructions.

That rule, as pertinent, reads:

\* \* \* No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds to his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

In this case the court, immediately following instructions and retirement of the jury, inquired if counsel had any objection to the instructions. Defendant's counsel, although voicing objection to the judge's comment indicating that the jury might limit its deliberations to a short period of time that day because of the late hour, stated that as to the substance of the instructions he had "no further objections."

Thus, appellant's counsel did receive an opportunity to object to any substantive instruction but failed to do so. Accordingly, the petition for rehearing must be denied as being without merit.

However, we note that the district court did not comply with the literal language contained in Fed.R.Crim.P. 30, that a party be given the opportunity to make objections "before the jury retires to consider its verdict." The court should have permitted counsel to make objections prior to the time the jury formally retired to consider its verdict.