Robert Earl **CLINKSCALE** and Brenda Joyce **Clinkscale**, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 83–2227.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1984.

Decided March 28, 1984.

James E. Smedley, Little Rock, Ark., for appellants.

George W. Proctor, U.S. Atty., E.D. Ark., A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Robert Earl Clinkscale and Brenda Joyce Clinkscale appeal their convictions on three counts of violating 26 U.S.C. § 7206(1) and (2) (1976) for filing false income tax returns for the years 1977 to 1979. They argue that the government did not establish will-

fulness and that the court erred in admitting certain testimony. We affirm the judgment of the district court.[1]

The Clinkscales filed income tax returns for the years 1977, 1978 and 1979 that showed Robert to be unemployed for each of the three years. The case against them was based on the expenditure method of proof under which evidence was introduced to show that they spent more during the years in question than was reported as income on their tax returns. For the three years in question, a summary introduced into evidence demonstrated the following figures for gross income reported, as well as omitted gross income based upon expenditures:

|  | 1977 | 1978 | 1979 |
|---|---|---|---|
| Gross Income Reported | $ 6071.04 | $ 7240.96 | $ 8436.98 |
| Omitted Gross Income | 9800.59 | 12647.49 | 27682.28 |

Testimony established that the Clinkscales were involved in prostitution activities and that three women working with Robert Clinkscale each kept $50 per week but turned over the rest of their earnings to him. Robert Clinkscale described the relationship as "one happy family," but Brenda Clinkscale admitted that the three women were involved in prostitution. Many of the purchases were made for the three women because they could not obtain credit. The expenditures included the purchase of two homes in which the three women lived, a number of automobiles, all used in their business activities, and numerous day-to-day expenses. The Clinkscales claimed that the women turned the money over to them to make these purchases.

This case was tried to the court and at the conclusion of the evidence the district court made specific findings that the Clinkscales were engaged in the business of prostitution during the three years in question and received substantial income from the business during those years which they did not report. Robert Clinkscale was found to be "absolute boss" of the business enterprise. The district court

---

**1.** The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

found that the Clinkscales willfully underreported their known income.

■ The Clinkscales argue that a showing of willfulness requires proof of an evil motive. The Supreme Court in *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), and this court in *United States v. Pohlman*, 522 F.2d 974, 977 (8th Cir.1975) (en banc), *cert. denied*, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), held that "willfulness in this context simply means a voluntary, intentional violation of a known legal duty." The Clinkscales argue that their cooperation with IRS authorities demonstrates the lack of willfulness.

Because the issue of willfulness goes to the ultimate question of guilt in this court-tried case, our standard of review is "whether there is substantial evidence, taking the view most favorable to the government, to support the fact determination by the trial court." *United States v. Jamieson-McKames Pharmaceuticals, Inc.*, 651 F.2d 532, 543 (8th Cir.1981); *United States v. Rischard*, 471 F.2d 105, 107 (8th Cir. 1973); and *United States v. Marley*, 549 F.2d 561, 563 (8th Cir.1977). Evidence outlined above gives support to the district court's finding and these further facts are significant. Brenda Clinkscale told the tax preparer for the years 1977 and 1978 that her husband was unemployed. Robert Clinkscale told the investigating special agent that he had received income from two or three women averaging $200 per week and that he would have reported the income if he had known on which line to put it on the tax return. Brenda Clinkscale testified at trial that the income was not reported because she did not know on which line of the tax return it should be entered. During the three years in question Robert Clinkscale made applications for credit for the various purchases, claiming income of $750 per month, $27,500 per year and $12,925 per year. Brenda Clinkscale testified that she had sought the assistance of the tax preparer's daughter on the 1979 return, which was specifically de-

nied. Our review of the evidence, only part of which is outlined in this decision, convinces us that it was more than sufficient to support the district court's finding of willful failure to report known income.

■ The Clinkscales further argue that the testimony of one of the witnesses was improperly admitted under Rules 403 and 404(b) of the Federal Rules of Evidence. This witness testified that her occupation was "hooker," that Robert Clinkscale was a "pimp," and that she had direct knowledge that three women were turning over their earnings to him in 1978. She also testified that Robert Clinkscale had told the three women that they were to tell the IRS that they were giving their money to Brenda Clinkscale to deposit in their checking accounts. The court admitted this testimony. When the witness said she was working for Robert Clinkscale in 1982 the court directed her testimony back to the three years in issue. The objections of the Clinkscales to this line of testimony were most general. The case was tried to the court. We find no abuse of discretion in the district court's rulings on this testimony.

Having carefully considered the claims of error of the appellants, we affirm the convictions on all three counts.