**UNITED STATES of America, Appellee,**

v.

**Edith M. OTT, Appellant.**

**No. 83–2369.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided Aug. 24, 1984.

Rehearing Denied Sept. 28, 1984.

J. Fred Hart Jr., Lienhart & Hart, Little Rock, Ark., for appellant.

George W. Proctor, U.S. Atty., E.D. Ark., Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Edith M. Ott was convicted under 18 U.S.C. § 3150 after she failed to appear for her arraignment. The sole issue on appeal is whether the government submitted sufficient proof on the element of wilfulness. We affirm the judgment of the district court.[1]

Ott was indicted in the Eastern District of Arkansas on charges of forging and uttering United States Savings Bonds. *See* 18 U.S.C. § 495. She was later arrested on those charges in Florida and appeared before The Honorable Everette Anderson, United States Magistrate for the Northern District of Florida. At trial the government introduced into evidence a stipulated statement by Judge Anderson. Judge Anderson stated that on July 12, 1983 Ott appeared before him for the setting of bond on the charges originating in Arkansas. Judge Anderson released Ott on her personal recognizance after advising her verbally and in writing to report for arraignment to the United States Magistrate in Little Rock, Arkansas, at 10:00 a.m. on July 26, 1983. The judge also instructed Ott to reside at her parents' home in Little Rock pending final disposition of the charges. The judge advised, and Ott indicated she understood, that failure to comply with these directions could subject her to separate criminal penalties.

The government also introduced into evidence a certified copy of a bail form sent by the Northern District of Florida to inform the Eastern District of Arkansas of

---

1. The Honorable William R. Overton, United States District Judge, Eastern District of Arkansas.

Ott's release on bond and her instructions to appear in court.

An inspector with the United States Marshal's Service, Lucian Bramel, testified that he was assigned to assist in magistrate court on July 26, 1983, when Ott's case was announced. The magistrate called Ott's name in the courtroom and Bramel called her name three times in the hallways, but Ott did not respond or appear. Bramel testified that to the best of his knowledge Ott never contacted the Marshal's office regarding her nonappearance, that he was unable to locate Ott at her parents' residence, and that Ott was arrested on July 29, 1983, three days after her scheduled appearance.

Ott's case was tried to the court, and after the government rested its case Ott's motion for dismissal of the charge was denied. The defense presented no testimony and renewed its motion to dismiss based on the government's failure to prove intent. The district court denied the motion, made factual findings, and found Ott guilty of wilfully failing to appear before the court. Ott was sentenced to one year and one day imprisonment.

■ Ott contends the government did not prove that her failure to appear was "wilful" within the meaning of the statute. Since this is basically an attack on the sufficiency of the evidence and the ultimate question of guilt, we must view the record in the light most favorable to the government and affirm if there is substantial evidence to support the result. *E.g., Clinkscale v. United States*, 729 F.2d 940 at 942 (8th Cir.1984) (per curiam). This standard is the same as that used to review a determination made by a jury. *United States v. Cady*, 567 F.2d 771, 774 (8th Cir.1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978). In addition, we must "give to the government the benefit of all inferences in its favor that reasonably may be drawn from the evidence." *United States v. Sullivan*, 618 F.2d 1290, 1295 (8th Cir.1980).

■ It is clear that wilfulness is an essential element of the offense of bail-jumping. *United States v. McGill*, 604 F.2d 1252, 1254 (9th Cir.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980). A failure to appear because of inadvertence or mistake is not a violation of § 3150. *See United States v. Wetzel*, 514 F.2d 175, 177 (8th Cir.), *cert. denied*, 423 U.S. 844, 96 S.Ct. 80, 46 L.Ed.2d 65 (1975). It is also clear, of course, that the government must establish each and every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The government has met its burden here.

It is undisputed that Ott received actual notice of her scheduled arraignment date. She was also explicitly told by Judge Anderson of the consequences should she fail to appear. It is likewise undisputed that she did not appear. While it may be true, as Ott contends, that wilfulness "cannot be found beyond a reasonable doubt merely from nonappearance and notice of obligation to appear," *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980); *see also United States v. Reed*, 354 F.Supp. 18, 20 (W.D.Mo.1973), the government's proof here went beyond these threshold requirements and thus *Wilson* and *Reed* are distinguishable.

■ In contrast to the cases cited by Ott, in the case at bar the government also showed that Ott could not be reached at her parents' home following her failure to appear. In addition, Ott did not attempt to contact the Marshal's office either before or after her nonappearance. A defendant's failure to apprise the court of his or her whereabouts and evidence of unsuccessful attempts to locate a defendant are both factors which may tend to show wilfulness. *See Wetzel*, 514 F.2d at 177; *Gant v. United States*, 506 F.2d 518, 521 (8th Cir.1974), *cert. denied*, 420 U.S. 1005, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). *See generally* Annot., 66 A.L.R.Fed. 668 (1984). Moreover, while mere proof of nonappearance and notice of obligation to appear may not be sufficient to prove wilfulness, we are cer-

tainly under no obligation to ignore such evidence in determining whether the nonappearance was wilful. Indeed, since wilfulness can rarely be proved directly, "circumstantial evidence is most likely to be the only evidence of subjective state of mind." *Wetzel,* 514 F.2d at 177. Thus *mens rea* is almost always proven by using inferences reasonably drawn from the evidence as a whole. We believe that the government's proof here, taken as a whole, provides substantial evidence justifying the inference that Ott's failure to appear was wilful.[2]

The judgment of conviction is affirmed.

---

**2.** We note that Ott may still move for reduction of the sentence imposed by the district court. *See* Fed.R.Crim.P. 35. We, of course, express no opinion on the merits of such a motion.