16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Robert M. DICK, Appellant.
 No. 93-3281.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 13, 1993.
Filed: January 24, 1994.
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Robert Dick appeals the eighteen-month sentence imposed by the district court[1] following his conviction for failure to surrender to serve the sentence imposed for his tax fraud conviction, in violation of 18 U.S.C. Sec. 3146(a)(2) (1988). We affirm.
 
 
 2
 A jury convicted Dick of tax fraud in 1991, and the district court[2] imposed an eleven-month sentence. The court stayed his sentence until the determination of his appeal. We affirmed the conviction in United States v. Rosnow, 977 F.2d 399 (8th Cir. 1992) (per curiam).[3] The district court instructed Dick to surrender voluntarily at a time and place designated by the Pretrial Services Office, which contacted him on three occasions to discuss his reporting date and designation. Instead of reporting as instructed, Dick stayed home. He was arrested at his home in North Dakota on March 24, 1993. The grand jury charged Dick on April 7 with knowingly failing to surrender for service of his sentence imposed on August 14, 1991.
 
 
 3
 Following a bench trial, the court found Dick guilty of violating Sec. 3146(a)(2), stating that his failure to report was "willful and without excuse," and imposed a sentence of eighteen months to be served consecutively to the sentence for which Dick was already incarcerated. Dick now argues that because he made a mistake in thinking he did not need to surrender, the evidence was insufficient to satisfy the statute's requirement of knowingly failing to surrender.
 
 
 4
 We view the evidence in the light most favorable to the government, draw from the facts all reasonable inferences in favor of the government, and resolve all evidentiary conflicts in the government's favor. United States v. Weston, 4 F.3d 672, 674 (8th Cir. 1993). We will reverse only if we find that a reasonable factfinder could not have found guilt beyond a reasonable doubt. United States v. Garrett, 948 F.2d 474, 476 (8th Cir. 1991). We use the same standard to review a determination made by the district court as we use to review a determination made by a jury, United States v. Ott, 741 F.2d 226, 228 (8th Cir. 1984), and we review the district court's findings of fact for clear error. United States v. Harris, 974 F.2d 84, 86 (8th Cir. 1992).
 
 
 5
 We applied Sec. 3146(a)(2) in United States v. Marion, 977 F.2d 1284 (8th Cir. 1992). In that case, the defendant left home, but kept in touch by telephone with the Pretrial Services Office. She contended that she was not told to turn herself in. We held that because two government witnesses disagreed with Marion's version of the facts, the evidence was sufficient to support the jury's verdict that Marion knowingly failed to surrender for service of her sentence. Id. at 1287.
 
 
 6
 Here, witnesses testified that Dick knew he needed to appear, and he voluntarily did not do so. Dick did not take the stand or put on any witnesses to testify about his state of mind. His cross-examination of the government's witnesses brought out the fact that he was concerned about his appeal, but he did not rebut their testimony. Based on this evidence, the district court specifically found that Dick's failure to report was willful. This finding is not clearly erroneous and, viewing the evidence most favorably to the government, the record contains evidence sufficient for a reasonable factfinder to find guilt beyond a reasonable doubt.
 
 
 7
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota
 
 
 [3]
 In Rosnow, this court affirmed Dick's conviction for tax fraud. Dick was one of a number of defendants in the case, but unlike the other defendants, he was not charged with conspiracy. He was tried separately. This court reversed the conspiracy convictions against the other defendants and directed that they be resentenced. Although Dick was not charged with conspiracy, this court's opinion did not specifically exclude him by name from those to be resentenced. Rosnow, 977 F.2d at 413. Nonetheless, both the United States Attorney and Dick's appointed counsel notified the trial court that they saw no need for resentencing Dick, since his conviction was affirmed and he had not been charged in the conspiracy count. Dick's counsel sent Dick a copy of the letter he had sent to the trial court stating this understanding. The district court did not enter any order relating to Dick and did not resentence him
 This court's opinion was clear that Dick's conviction on the substantive count of tax fraud was affirmed. Dick was not excluded, however, from the order requiring resentencing of those convicted of the conspiracy. Assuming this omission created an ambiguity in this court's opinion, the parties should have sought clarification from this court rather than from the district court. Nevertheless, we find that Dick did not claim he was misled by any ambiguity and that, in fact, his appointed counsel made clear to Dick that he was not to be resentenced.