21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jeffrey Ray MORSE, Appellant.
 No. 93-3548.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 7, 1994.
Filed: April 12, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey Ray Morse appeals his conviction for failure to surrender and the sentence imposed by the district court.[1] We affirm.
 
 
 2
 Morse was convicted of filing false Internal Revenue Service (IRS) forms and filing false forms 1096 and 1099. His conviction was affirmed in United States v. Rosnow, 977 F.2d 399 (8th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 1596 (1993), and, after remand for resentencing, his appeal of the four-month sentence imposed by the sentencing court[2] was dismissed on November 19, 1993, for failure to prosecute. See United States v. Rosnow, 9 F.3d 728, 729 n. 1 (8th Cir. 1993) (per curiam). Morse was ordered to voluntarily surrender on January 22, 1993, but on that date he failed to appear. Thereafter, he was found guilty of knowing failure to surrender for service of sentence, in violation of 18 U.S.C. Sec. 3146(a)(2), and sentenced to twelve months and one day imprisonment, to be followed by a one year term of supervised release. He appeals.
 
 
 3
 Morse's argument that the government did not prove he knowingly failed to surrender, because it failed to prove that he did not act through ignorance, mistake or accident, amounts to an attack on the sufficiency of the evidence and the ultimate question of guilt. As a result, we "must view the evidence in the light most favorable to the jury's verdict," and reverse "only if a reasonable jury must have entertained a reasonable doubt as to the defendant's guilt." United States v. Marion, 977 F.2d 1284, 1287 (8th Cir. 1992) (quoted cases omitted). In addition, mens rea can rarely be proved directly, but only through circumstantial evidence, using inferences reasonably drawn from the evidence as a whole. See United States v. Ott, 741 F.2d 226, 229 (8th Cir. 1984). We must give the government the benefit of all reasonably drawn inferences. Id. at 228.
 
 
 4
 We conclude that the government's proof, taken as a whole, provides substantial evidence justifying the inference that Morse knowingly failed to appear. First, Morse called the Marshals Service on the day he was to surrender and told them he was not coming because he was "working on" an appeal. Later he called and said he could not surrender because he was too busy. Morse's statements to the Marshals Service belie his testimony that he believed the documents he filed prior to January 22, which purportedly transferred jurisdiction to the bogus Common Law Court of the United States of America,[3] relieved him of his obligation to surrender. Second, a reasonable juror could have inferred from the evidence introduced at trial that Morse was hiding from law enforcement officials. As a result, we conclude that the government introduced sufficient evidence to support the verdict.
 
 
 5
 Morse also argues that the Sentencing Commission exceeded its authority by setting the base offense level for U.S.S.G. Sec. 2J1.6 without reference to the severity of the conviction the defendant failed to report to serve. Morse contends that by providing a single base offense level for all "failure to report for service of sentence" convictions, the Commission violated the intent of Congress by treating all offenders equally, regardless of the length of their underlying offense sentence. This court has already held, however, "that the Sentencing Commission considered the factors listed by Congress," and that section 2J1.6, as amended, "sufficiently complies with Congress' statutory directive." Marion, 977 F.2d at 1290. We are bound to follow the earlier decision. See Brown v. First Nat'l Bank in Lenox, 844 F.2d 580, 582 (8th Cir.), cert. denied, 487 U.S. 1260 (1988).
 
 
 6
 Accordingly, we affirm Morse's conviction and sentence.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [3]
 See, e.g., Scotka v. Texas, 856 S.W.2d 790, 791-92 (Tex. Ct. App. 1993) (Common Law Court of the United States of America does not exist under United States Constitution or by act of Congress)