62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adrian W. ROGERS, Defendant-Appellant.
 No. 94-3778
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1995
Filed: Aug. 7, 1995
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Adrian Rogers was convicted on five counts for conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and engaging in a financial transaction with the proceeds of drug trafficking activity in violation of 18 U.S.C. Sec. 1956(a)(1)(A)(i). The day following his conviction on the above counts, Rogers was separately tried and convicted for failure to appear for trial on those counts in violation of 18 U.S.C. Sec. 3146(A)(1). For purposes of sentencing, the district court factored the latter conviction into its calculation of the sentence for the drug offenses.[1] He now files a consolidated appeal challenging his convictions and sentence. We affirm.
 
 SENTENCING
 
 2
 During Rogers' trial for the drug offenses, testimony established that Rogers purchased large amounts of cocaine from coconspirator Alex Lona for resale in eastern Iowa. In sentencing Rogers, the district court determined that he was responsible for the distribution of forty kilograms of cocaine. Rogers claims the evidence was insufficient to show that he was responsible for distributing that much cocaine. A district court may consider any evidence in making its sentencing determination as long as that evidence has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3(a) (1994). This Court reviews the district court's drug quantity determination for clear error. United States v. McMurray, 34 F.3d 1405, 1414 (8th Cir.1994), cert. denied, 115 S. Ct. 1164 (1995).
 
 
 3
 The district court relied on the testimony of Rogers' coconspirator, Alex Lona, who testified that he supplied Rogers with roughly forty kilograms of cocaine. Rogers claims that Lona's testimony was not credible and was therefore not sufficiently reliable evidence on which to base his sentence. We disagree. The district court's findings as to witness credibility are " 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir.1992)). The district court judge specifically stated during sentencing that he had heard Alex Lona testify numerous times and found him a credible witness. In addition, Lona's testimony was corroborated by the large quantity of cash, over $500,000, seized from Rogers' safety deposit boxes. Thus, we find no error in the district court's drug quantity determination.
 
 FAILURE TO APPEAR
 
 4
 In the separate trial on the charge for failure to appear, testimony established that after Rogers was indicted on the drug charges and had been released on bond, he attempted to stage his own suicide and fled to Atlanta, Georgia where he was later apprehended. Rogers now argues that there was insufficient evidence to convict him on the charge of wilfully failing to appear for a court date. He claims that the evidence was insufficient to establish that he had notice of the court date and that his failure to appear was wilful. Testimony established that Rogers was in court when the judge announced the trial date, and then left the jurisdiction without informing the court of his departure in violation of the terms of his release. That evidence was sufficient to show he had notice. Cf. Gant v. United States, 506 F.2d 518, 519-20 (8th Cir.1974) (finding evidence of actual notice unnecessary when the defendant left the jurisdiction without notifying the court or his attorney of his whereabouts), cert. denied, 420 U.S. 1005 (1975).
 
 
 5
 The evidence of wilfulness was more than sufficient. Rogers' former girlfriend, Sheri Rudolph, testified that he asked her to throw his shirt into the Mississippi River and report that he had committed suicide. Rudolph testified that Rogers then asked her to drive him to Atlanta, Georgia, which she did. This evidence clearly demonstrated that Rogers wilfully fled the jurisdiction to avoid appearing for trial.
 
 ATTORNEY-CLIENT PRIVILEGE
 
 6
 Finally, Rogers claims the indictment against him should have been dismissed because the Government seized documents belonging to him that were protected by attorney-client privilege. After Rogers fled the jurisdiction, state and federal law enforcement officers searched his residence and seized items including documents covered by attorney-client privilege. Those documents were eventually delivered to the United States Attorney's office. When the U.S. Attorney assigned to Rogers' case began to review the documents, he immediately noticed that the documents contained privileged material, and he had the documents removed from his office. Thereafter, he took measures to ensure that neither he nor anybody else in the U.S. Attorney's office responsible for preparing Rogers' case had access to the documents.
 
 
 7
 After Rogers was convicted, he moved for a dismissal of the indictment on this basis. The district court held a hearing to determine how the documents were seized and how they were handled after their seizure. After a full hearing on the matter, the district court denied the motion for dismissal of the indictment, finding Rogers had failed to show he was prejudiced by the seizure of the documents because the Government had demonstrated that the documents were not used in preparing the case against him. After reviewing the evidence presented at the hearing, we agree with the district court that Rogers was not prejudiced by the inadvertent seizure of the documents. The judgments of conviction are affirmed.
 
 
 
 [1]
 Rogers was sentenced to a term of 240 months imprisonment for his conviction under Counts 1, 3 and 7 of the indictment and 60 months imprisonment for Counts 9 and 10 of the indictment, all to run concurrently