# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2214

_____

Craftsmen Limousine, INC.; JMRL          *
Sales & Service, INC., a                 *
Missouri Corporation, doing business     *
as Craftsmen Limousine,                  *
                                         *
          Plaintiffs - Appellants,       *
                                         *   Appeal from the United States
          v.                             *   District Court for the Western
                                         *   District of Missouri.
Ford Motor Company, a Delaware           *
Corporation,                             *   [PUBLISHED]
                                         *
          Defendant - Appellee,          *
                                         *
General Motors Corporation, a            *
Missouri corporation; Cadillac, a        *
division or affiliate of General Motors  *
Corporation; Limo, an association of     *
limousine builders; AHA Automotive       *
 Design, a Canadian corporation;         *
American Custom Coachworks, a            *
California corporation; Classic          *
Limousine & Armouring, a                 *
California corporation; DaBryan          *
Coach Builders, a Missouri               *
corporation; Eagle Coach, an Ohio        *
corporation; Executive Coachbuilders,    *
a Missouri corporation; Federal Coach,   *
an Arkansas corporation; Image           *
Coaches, an Indiana corporation;         *
International Armor & Limousine,          *
an Illinois corporation; Krystal Koach,   *

a California corporation; LCW, a      *
Texas corporation; Picasso Coach      *
Builder, a New York corporation;      *
Royale Limousine Manufacturers, a      *
Massachusetts corporation; R-D Group, *
a California corporation, doing      *
business as Tiffany Coachworks;      *
Accubuilt, INC., an Ohio corporation,      *
formerly known as S&S/Superior of      *
Ohio; Tri-State Custom Coach,      *
a New Jersey corporation; United      *
States Coachworks, a New York      *
corporation; Viking Coachworks,      *
a Florida corporation,      *
     *
         Defendants.      *

_____

Submitted: June 8, 2009
Filed: September 1, 2009
_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.
_____

MELLOY, Circuit Judge.

Craftsmen Limousine, Inc. ("Craftsmen"), appeals a district court[1] order granting Ford Motor Co.'s ("Ford") Bill of Costs. Craftsmen argues that the district court abused its discretion by failing to consider whether each requested item of cost was recoverable and by misapplying the judicial estoppel doctrine to award costs that included video-deposition and *pro hac vice* expenses. We affirm.

_____

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

-2-

I.

Craftsmen prevailed at trial in an antitrust action against Ford, and the district court awarded Craftsmen costs including video-deposition and *pro hac vice* expenses. On appeal, this court reversed in part and remanded the matter for a new trial. Craftsmen Limousine, Inc. v. Ford Motor Co., 363 F.3d 761, 763, 777 (8th Cir. 2004). On remand, the district court granted summary judgment in favor of Ford, and this court affirmed. Craftsmen Limousine, Inc. v. Ford Motor Co., 491 F.3d 380, 382 (8th Cir. 2007). Ford then sought costs in the district court, including expenses similar to those Craftsmen had sought and obtained after the original trial. The district court awarded $30,401.11 in costs to Ford, concluding that Ford was entitled to video-deposition expenses in the amount of $6,010.65 and *pro hac vice* fees of $75 based on the doctrine of judicial estoppel. Craftsmen now appeals.

II.

"We review *de novo* the legal issues related to the award of . . . costs and review for abuse of discretion the actual award of . . . costs." Sturgill v. United Parcel Serv., 512 F.3d 1024, 1036 (8th Cir. 2008) (quotation omitted); see also Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir. 1992) ("The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 . . . and Fed. R. Civ. P. 54(d) . . . ."). Because we hold that video-deposition expenses and *pro hac vice* fees are costs under 28 U.S.C. § 1920, we need not address the district court's reliance on judicial estoppel.

A. The District Court's Review of Costs

Craftsmen claims that the district court abused its discretion by failing to address each of Craftmen's objections to Ford's Bill of Costs and that the court was

required to address each item individually under 28 U.S.C. § 1920. Taxation of costs is authorized by § 1920 and governed by Federal Rule of Civil Procedure 54(d). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (concluding that § 1920 defines the term "costs" as it is used in Rule 54(d)). Section 1920, as in effect at the time costs were awarded, states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2006) (amended 2008). With the exception of the video-deposition and *pro hac vice* expenses, discussed *infra*, § 1920 expressly covered the costs Ford sought. There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every item of cost it awards; rather, "[a] prevailing party is presumptively entitled to recover all of its costs." Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006) (quotation omitted).

Here, the district court reviewed Craftsmen's objections to costs for both trial and re-trial, as well as objections to costs related specifically to video-deposition and *pro hac vice* filing fees. The district court concluded its review by stating, "The Court finds all other costs listed in Ford's Proposed Bill of Costs compensable." Craftsmen argues that the district court abused its discretion when it failed to comment on objections to items of cost other than those related to video-deposition and *pro hac vice* expenses. Craftsmen relies on a Seventh Circuit case, Weeks v. Samsung Heavy

Industries Co., 126 F.3d 926 (7th. Cir 1997), for the proposition that the court should have carefully discussed each item of cost to determine recoverability. In Weeks, however, the Seventh Circuit held that a district court's vague review of costs was not an abuse of discretion where the district court stated, "Plaintiff's additional arguments against the imposition of costs are without merit." Id. at 946. The Seventh Circuit further noted, "Although it might have been more clear had the district court specifically itemized those costs and addressed the [appellant's other] argument, its failure to do so does not warrant reversal of the award of costs." Id. Craftsmen's reliance on Weeks is therefore misplaced.

Further, Craftsmen fails to offer any specific basis to rebut the presumption in favor of awarding Ford costs or for concluding that the district court's award of costs was unreasonable or unnecessary. Although the district court's language is general, we believe the district court's statement indicates that it considered the reasonableness and necessity of the remainder of Ford's requested costs and that it considered and rejected Craftsmen's other arguments. Thus, the district court did not abuse its discretion by awarding costs without specifically addressing each item.

B. Video-Deposition Costs Under 28 U.S.C. § 1920.

Craftsmen also claims the district court abused its discretion by awarding video-deposition costs because, Craftsmen argues, such costs are not authorized under § 1920. See Crawford Fitting, 482 U.S. at 445. This court has not addressed whether a prevailing party can recover expenses associated with the taking of video depositions. While the applicable iteration of § 1920 does not specifically authorize video-deposition costs, Federal Rule of Civil Procedure 30(b)(3)(A) authorizes video depositions as an alternative to traditional stenographic depositions, which § 1920 does authorize. See 28 U.S.C. § 1920 (2006); Fed. R. Civ. P. 30 ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.").

-5-

Several other circuits have held that expenses associated with video depositions are recoverable. See Little v. Mitsubishi Motors N. Am., 514 F.3d 699, 701 (7th Cir. 2008) (per curiam) (stating that courts may tax video-deposition expenses as costs under § 1920); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) ("[W]e hold section 1920(2) implicitly permits taxation of the costs of video depositions."); Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 464–65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); see also 28 U.S.C.A. § 1920(2) (2008) ("A judge or clerk . . . may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.").

We agree with our sister circuits that the costs of video depositions are included under § 1920. Craftsmen presents no other argument indicating that the award of the video-deposition costs was unreasonable or unnecessary. As a result, the district court did not abuse its discretion by awarding such costs.

C. *Pro hac vice* Fees Under 28 U.S.C. § 1920.

Finally, Craftsmen claims the district court abused its discretion by awarding the recovery of *pro hac vice* fees under 28 U.S.C. § 1920. Neither Rule 54 nor § 1920 specifically authorize *pro hac vice* fees to be taxed as costs, and many courts have found that such fees are not recoverable under § 1920. See, e.g., Rakes v. Life Investors Ins. Co. of Am., No. 06-cv-99-LRR, 2008 WL 4852932, at *5 (N.D. Iowa Nov. 7, 2008) (slip opinion) (finding *pro hac vice* fees not recoverable costs); Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (concluding that *pro hac vice* fees are not recoverable under Rule 54 or § 1920 because "[s]uch fees are an expense of counsel for the privilege of practicing law . . . [and] are not normally charged to a fee-paying client"). Some courts, however, have awarded *pro hac vice* fees under §

1920.  See, e.g., <u>Glastetter v. Sandoz Pharms. Corp.</u>, No. 1:97cv131ERW, 2000 WL 34017154, at *1 n.2 (E.D. Mo. Oct. 3, 2000) ("[T]his Court concludes that 28 U.S.C. § 1920 should not be construed so narrowly as to preclude the taxing of [*pro hac vice*] costs."); <u>see also</u> <u>Davis v. Puritan-Bennett Corp.</u>, 923 F. Supp. 179, 181 (D. Kan. 1996) (awarding *pro hac vice* fees while noting, "Plaintiff selected the forum and compelled defendant to defend itself in this district.").

We agree with those courts that have concluded that *pro hac vice* fees are recoverable as fees of the clerk under § 1920. With no further basis to challenge the award of *pro hac vice* fees, we find that the district court did not abuse its discretion in awarding such expenses.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____