# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-2705

———————————————————

Rodney Alan Cooper

*Plaintiff - Appellant*

v.

City of St. Louis, Missouri

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: December 17, 2020
Filed: June 8, 2021

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

LOKEN, Circuit Judge.

Rodney Cooper appeals the judgment entered after a jury found in favor of the City of St. Louis, rejecting his claim of "hostile work environment based on religion." The issue on appeal is whether the district court[1] abused its discretion in precluding

———————————

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Cooper from introducing testimony and a report by Dr. John Rabun, the City's retained but non-testifying expert psychiatrist who had conducted an independent medical examination of Cooper. "We will not reverse a district court's decision [to admit or exclude expert testimony] absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." In re Prempro Products Liability Litigation, 514 F.3d 825, 833 (8th Cir. 2008) (quotation omitted). We affirm.

## I. Background

Cooper, a utility worker in the City's public parks system, experienced an event in 2013 that made him very religious. From 2013 to 2015, Cooper frequently talked about religion with coworkers in the lunchroom. Roger Berry, Cooper's supervisor, frequently told "Reverend Rodney" to stop talking about religion and allegedly threatened to fire Cooper for his religious speech. In 2015, the City transferred Cooper to a different park, in the same role but with a different supervisor. Cooper commenced this action in September 2016, alleging that the City had subjected him to a hostile work environment because of his religious beliefs, causing "emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation."

The district court denied the City's motion for summary judgment and set the hostile work environment claim for trial on August 20, 2018. In his August 1 pretrial submission, Cooper disclosed he would call his treating therapist, Kristin Bulin, as a witness. The City moved to exclude Bulin because Cooper failed to designate her as a retained expert witness and provide a written expert report, as Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires for retained experts. At the final pretrial conference, the district court vacated the trial date and ordered Cooper to provide the disclosure required by Rule 26(a)(2)(C) for a non-retained expert and to produce Bulin for a deposition by the City no later than September 14. After that deposition, the court entered an Amended Case Management Order providing, as later

amended, that any independent medical examination of Cooper pursuant to Rule 35 ("IME") must be completed by January 30, 2019; that the City must then disclose its expert witnesses by February 15 and make them available for deposition no later than March 15; and setting the case for trial on June 10, 2019.

The City hired Dr. Rabun, a licensed psychiatrist, and he conducted an IME of Cooper on January 29. The City did not disclose Dr. Rabun as an expert or provide a copy of his report to Cooper on February 15. On March 18, Cooper requested disclosure of the expert witness report under Rule 35(b)(1); the City promptly provided it. In new pretrial filings, Cooper identified Dr. Rabun as a witness and the report as an exhibit. Cooper served a subpoena on Dr. Rabun, agreeing to pay his fee for testifying at trial.

The City moved to exclude Dr. Rabun's report and testimony. After briefing, Cooper argued at the final pretrial conference that "submission to an examination by an expert entitle[s] the examined party not just to a report [under Rule 35], the examination, but to a deposition of the expert for the use at trial," citing Crowe v. Nivison, 145 F.R.D. 657 (D. Md. 1993). The district court granted the City's motion and "exclude[d] Dr. Rabun as an expert because he wasn't designated as one by the plaintiff. [The City] had a right to have a consulting expert. Mr. Cooper put his physical and mental well-being at issue in the case. It's not like they invaded his privacy." The court excluded Dr. Rabun's report as hearsay that lacked foundation without his testimony. At trial, Cooper presented Bulin's testimony as to Cooper's mental injury but without Dr. Rabun's testimony or report. The jury returned a verdict finding that the City had not subjected Cooper to a hostile work environment.

## II. Discussion

On appeal, Cooper argues the district court's error in excluding Dr. Rabun's testimony and report merits a new trial. However, we do not need to address the

merits of whether the exclusion was "a gross abuse of discretion resulting in fundamental unfairness in the trial of the case," In re Prempro, 514 F.3d at 833, because any error was harmless. To establish a hostile work environment claim, Cooper must prove a hostile work environment and the City's liability for that environment, including causation and damages. See Al-Zubaidy v. TEK Industries, Inc., 406 F.3d 1030, 1038 (8th Cir. 2005). Bulin's testimony and Dr. Rabun's IME and report addressed whether Cooper suffered from mental health disorders and if so, whether his condition was caused by the alleged hostile work environment at his job in the City's public parks system. Dr. Rabun's IME and report would have been cumulative of Bulin's testimony on causation and damages issues. See Hall v. Arthur, 141 F.3d 844, 850 (8th Cir. 1998) (concluding error was harmless because jury unlikely to be "substantially swayed" by testimony that did not add anything to admitted evidence).

Furthermore, at the close of trial, the district court gave the jury its final instructions and then explained how to fill in the verdict form:

> Complete the [first] paragraph by writing in the name required by your verdict. And remember, we're looking on Plaintiff Rodney Cooper's claim of hostile work environment as submitted in Instruction 5. That's the instruction that has the elements of the claim. . . .
>
> If you find for the Defendant, City of St. Louis, you're done. The foreperson dates and signs the form. . . .
>
> Only if you find for the plaintiff do you complete the following paragraph: We find the plaintiff's damages to be -- and there's a blank -- stating the amount; or if you find plaintiff's damages do not have a monetary value, write in the nominal amount of one dollar.

The verdict form as returned by the jury stated: "On the plaintiff Rodney Cooper's claim of hostile work environment based on religion, as submitted in Instruction 5,

we find in favor of Defendant City of St. Louis," with the last five words handwritten by the jury foreperson. As instructed, the jury did not complete the following damages paragraph on the form. This makes clear that the jury did not reach the mental health claim for damages addressed by the testimony of therapist Bulin and the excluded IME report and testimony of Dr. Rabun.

In conclusion, Rabun's report would have been cumulative with Bulin's testimony regarding causation and damages, and any discussion of damages was immaterial because the jury never reached that issue. Thus the exclusion did not result in fundamental unfairness in the trial of the case, and we need not consider whether the district court abused its substantial case management and discovery discretion in excluding Dr. Rabun's IME report and testimony, an issue we have not previously addressed. See generally House v. Combined Ins. Co. of Am., 168 F.R.D. 236, 242-44 (N.D. Iowa 1996).

The judgment of the district court is affirmed.

_____