# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2012
_____

Marco Gonzalez

*Plaintiff - Appellant*

v.

Salem Shahin, MD; Carol Gilmore, MD; Richard Martin, MD; Paul Andelin, MD;
Jeffrey Adams, PA-C; Mercy Medical Center; McKenzie County Healthcare
Systems, Inc.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: February 16, 2023
Filed: August 16, 2023
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Marco Gonzalez was prescribed an antibiotic and suffered serious adverse
effects. He sued the healthcare providers and hospitals that were involved in his
treatment for medical negligence, and a jury found in favor of the defendants.
Gonzalez filed a motion for a new trial, challenging the district court's comments to

the jury and its evidentiary rulings. The district court[1] denied the motion, and then awarded costs to the defendants as the prevailing parties. Gonzalez now appeals the judgment entered pursuant to the jury's verdict, the denial of his new-trial motion, and the award of costs. Because we lack jurisdiction to review Gonzalez's appeal of the underlying judgment, we review only the district court's denial of his motion for a new trial and the award of costs. We affirm.

I.

After experiencing symptoms of urinary urgency, frequency, and straining, Gonzalez went to a urology clinic on July 16, 2015, and was seen by Dr. Salem Shahin, a urologist employed by Mercy Medical Center. A urine test came back negative for infection, but Dr. Shahin determined that Gonzalez's symptoms were consistent with a chronic prostate infection and prescribed Bactrim, an antibiotic. He instructed Gonzalez to take the antibiotic twice daily for a month.

A few weeks later, on July 30, Gonzalez experienced blurred vision and drainage from his eyes. He went to the emergency room at Mercy Medical, where he was seen by another doctor, Dr. Richard Martin. Dr. Martin was aware that Gonzalez was taking Bactrim, but seeing no "Bactrim rash"—a common symptom of an adverse reaction to Bactrim—he did not believe Gonzalez was having a reaction to the antibiotic and decided not to discontinue it. Dr. Martin instead believed Gonzalez had a viral eye infection and prescribed a medicated ointment for his eyes.

By that evening, Gonzalez had developed sores on his lips, and his eyes were red and painful. Gonzalez went to the emergency room at McKenzie County Healthcare Systems, where he was seen by physician assistant Jeff Adams. Gonzalez expressed that he felt his symptoms were possibly a reaction to the

---

[1]The Honorable Daniel Mack Traynor, United States District Judge for the District of North Dakota.

Bactrim. He still had not developed any rash, however. Adams took note of Gonzalez's concern. But Adams, believing the symptoms were not indicative of a reaction to Bactrim and knowing that it was prescribed by a urologist, decided it would not be wise to discontinue the Bactrim and instead instructed Gonzalez to return to Dr. Shahin. Based on Gonzalez's symptoms that evening, Adams diagnosed him with a viral infection, and possibly an environmental allergy, and treated him accordingly.

The next day, July 31, Gonzalez returned to the Mercy Medical emergency room due to pain, particularly in his eye. There, an emergency room provider, Dr. Carol Gilmore, conducted a physical exam and ordered a CT scan. Based on her assessment, Dr. Gilmore diagnosed Gonzalez with bilateral conjunctivitis, a tonsil infection, and an infection of the gums. She developed a plan of care for Gonzalez and discharged him. She did not discontinue the Bactrim and instructed Gonzalez to continue taking the antibiotic as prescribed.

The following day, Gonzalez returned to the Mercy Medical emergency room, reporting worsening symptoms. He had also developed a rash. Gonzalez was admitted to the hospital, where he was again examined by Dr. Gilmore. Dr. Paul Andelin was consulted, and he decided to discontinue the Bactrim. Soon after, Dr. Andelin diagnosed Gonzalez with Stevens-Johnson Syndrome, a rare disorder that can be caused by taking Bactrim. Some of Gonzalez's symptoms improved on August 2, but when Dr. Andelin saw that Gonzalez's rash was worsening, he transferred Gonzalez to a burn center for treatment.[2]

Gonzalez sued doctors Shahin, Gilmore, Martin, and Andelin; physician assistant Adams; and Mercy Medical Center and McKenzie County Healthcare

---

[2]Gonzalez received extensive treatment and underwent eye surgery at the burn center. According to a medical expert who testified at trial, Gonzalez has since regained function in his eyes but has lingering symptoms like mild dry eye and inflammation.

Systems for medical negligence. An eleven-day jury trial was held. At trial, Gonzalez offered into evidence the Physicians' Desk Reference[3] drug label for Bactrim (the Bactrim label), which noted that Bactrim's "most common adverse effects" include "allergic skin reactions (such as rash and urticaria)." The label also cautioned that fatalities, "although rare, have occurred due to severe reactions, including Stevens-Johnson Syndrome . . . ." Gonzalez argued that his medical providers had negligently treated him with Bactrim and failed to discontinue the antibiotic without consulting the Bactrim label. The defendants argued in response that the providers reasonably prescribed the Bactrim and acted with due care given Gonzalez's symptoms.

Both Gonzalez and the defense presented testimony from expert witnesses, for which the district court set time limits to manage the length of the trial. As relevant to this appeal, Dr. Gordon Leingang, an expert witness for the defense, was allotted one hour for direct examination and 30 minutes for cross-examination. After cross-examining Dr. Leingang for the allotted 30 minutes, Gonzalez requested 10 additional minutes, which the district court denied.

On November 18, 2021, the jury returned a verdict in favor of all defendants, and the next day the district court entered judgment accordingly. Gonzalez requested an extension of time to file post-trial motions, and the defendants did not object. The district court granted the extension, instructing Gonzalez to file his post-trial motions by January 13, 2022. On January 13, Gonzalez filed a motion for new trial, see Fed. R. Civ. P. 59(a)(1), challenging some of the district court's comments to the jury and the district court's limitations on his cross-examination of Dr. Leingang. The defendants—without raising any objection to the timeliness of Gonzalez's motion—responded on the merits. The defendants also filed motions for costs as the prevailing parties, which Gonzalez opposed.

---

[3]The Physicians' Desk Reference is a collection of information about medical drugs, including information from drug manufacturers.

On April 27, 2022, the district court denied Gonzalez's motion for new trial and granted the defendants' motions for costs. Gonzalez now appeals, seeking a reversal of the judgment, a remand for a new trial, and a reversal of the award of costs.

II.

At the outset, we address the question of jurisdiction. See Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 616 (8th Cir. 2008). The defendants contend we lack jurisdiction to review the underlying judgment on the verdict because Gonzalez filed an untimely notice of appeal. Central to our consideration of this issue is the timeliness of Gonzalez's Rule 59 motion.

Generally, a party in a civil case "must file a notice of appeal 'within 30 days after entry of the judgment.'" Perficient, Inc. v. Munley, 43 F.4th 887, 889 (8th Cir. 2022) (quoting Fed. R. App. P. 4(a)(1)(A)); see id. (explaining that "a timely notice of appeal is mandatory and jurisdictional"). But if a party timely files a Rule 59 motion for a new trial, then the 30-day period in which to file the notice of appealing the judgment is tolled under Federal Rule of Appellate Procedure 4(a)(4). See Fed. R. App. P. 4(a)(4)(A)(v) (explaining that a timely Rule 59 motion causes "the time to file an appeal" to "run[] for all parties from the entry of the order disposing of the . . . motion").

A Rule 59 motion for a new trial is timely if filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). A court may not extend this 28-day deadline. See Fed. R. Civ. P. 6(b)(2) (providing that "[a] court must not extend the time to act under" Rule 59(b)). Here, the district court granted Gonzalez an extension of time to file his Rule 59 motion. The district court later denied that motion on April 27, 2022, and Gonzalez subsequently filed his notice of appeal on May 13—well beyond the 30-day period after entry of the judgment, but within 30 days of the order denying his Rule 59 motion.

We only have jurisdiction to review the judgment, then, if the time to file the notice of appeal was tolled by Gonzalez's Rule 59 motion. We conclude it was not. Although the district court granted Gonzalez an extension of time to file his Rule 59 motion, such an extension was granted in error. See Fed. R. Civ. P. 6(b)(2). Accordingly, because the Rule 59 motion was not "file[d] in the district court . . . within the time allowed by" the applicable rules, the time for Gonzalez to file his appeal was not tolled. Fed. R. App. P. 4(a)(4).

Gonzalez contends that the defendants failed to object when the district court granted the extension and thus forfeited their timeliness challenge. The defendants indeed failed to raise any concerns about the extension to the district court. And Rule 6(b)—the rule that prohibits extending the deadline for Rule 59 motions—is a nonjurisdictional rule subject to forfeiture. See Dill, 525 F.3d at 619 (explaining that Rule 6(b)'s "prohibition against extending" the time periods for filing certain motions is a "nonjurisdictional claim-processing rule[]," meaning that such "timeliness requirements may be forfeited if they are not timely raised"); cf. Hamer v. Neighborhood Hous. Servs. of Chi., 138 S. Ct. 13, 17 (2017) (holding that the time prescription in Appellate Rule 4(a)(5)(C) "is not jurisdictional" because it is "a time limit prescribed only in a court-made rule," not one set by Congress).

However, the defendants' failure to object means only that the district court had the authority to rule on Gonzalez's Rule 59 motion. It does not mean that we have jurisdiction to review the underlying judgment. Cf. Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (explaining that an appeal from a denial of a Rule 60(b) motion does not present the underlying judgment for appellate review). As the Advisory Committee Notes on Appellate Rule 4 explain, the time within which to file a notice of appeal under Rule 4 "is not altered by, for example, a court order that sets a due date that is later than permitted by the Civil Rules" or a party's "*failure to object to the motion's lateness*." Fed. R. App. P. 4 advisory committee's note to 2016 amendments (emphasis added). In other words, the defendants' failure to object to the extension did not alter Gonzalez's deadline for appealing the judgment within 30 days after its entry.

In sum, because Gonzalez filed the notice of appeal more than 30 days after the entry of the judgment on the verdict, we lack jurisdiction to review the judgment. We do, however, have the authority to review the district court's ruling on the Rule 59 motion because Gonzalez's notice of appeal[4] was filed within 30 days of that ruling. See Fed. R. App. P. 4(a)(1)(A). We therefore review only the district court's denial of the motion for a new trial, and not the underlying judgment.[5]

III.

Gonzalez contends that the district court improperly denied his motion for a new trial. He maintains that the district court (1) made improper comments about the Bactrim label and about his lawyer; and (2) erroneously limited his cross-examination of Dr. Leingang.[6] "We review the denial of a motion for a new trial for a 'clear' abuse of discretion." White Commc'ns, LLC v. Synergies3 Tec Servs., LLC, 4 F.4th 606, 613 (8th Cir. 2021) (quoting Hallmark Cards, Inc. v. Murley, 703 F.3d 456, 462 (8th Cir. 2013)).

---

[4]To the extent Gonzalez argues that the defendants should have anticipated that his notice would be late-filed and thus should have raised a timeliness objection to the district court, we disagree. The defendants were not required to preemptively object to a notice of appeal before it was filed.

[5]For the same reason, we have the authority to review the district court's award of costs, which was granted on the same day as the Rule 59 ruling.

[6]To the extent the defendants argue that the district court was required to treat Gonzalez's late-filed Rule 59 motion as a Rule 60 motion, the defendants did not raise this argument before the district court, and we see no need to address it here given that we affirm the denial of the motion.

## A.

Gonzalez first challenges the district court's comments to the jury about the Bactrim label.  "We review whether a district court's comment on the evidence was improper under an abuse of discretion standard." Reed v. Malone's Mech., Inc., 765 F.3d 900, 910 (8th Cir. 2014).  A district court "has broad discretion in commenting on evidence and may do so in order to give appropriate assistance to the jury." Id. at 910 (quoting Warren v. State Farm Fire & Cas. Co., 531 F.3d 693, 698 (8th Cir. 2008)).  Thus, a court "may express [its] opinion upon the facts" so long as it does so "fairly and impartially" and "makes it clear to the jury that all matters of fact are submitted to their determination." Id. at 911 (quoting Gant v. United States, 506 F.2d 518, 520 (8th Cir. 1974)).  "The only limitation" is that the district court's "comments must not preclude a fair evaluation of the evidence by the jury." Id. at 910–11 (quoting Warren, 531 F.3d at 701).  The propriety of the district court's comments "must be viewed in the context of the complete charge to the jury." United States v. Neumann, 867 F.2d 1102, 1104 (8th Cir. 1989).

After the Bactrim label was admitted into evidence at trial, the district court read Jury Instruction 19, which addressed the label.  But the district court first stated that it wanted to "make sure" the jury did not "give [the label] more weight than it deserves."  And after reading the instruction, the court told the jury that such manufacturer-provided materials "are written by drug companies and lawyers that include all sorts of information to protect principally drug companies from having a lawsuit like this."  The parties stipulated to the instruction, but not to this additional commentary.

We acknowledge Gonzalez's concerns—the district court's supplemental comments were ill-advised.  Nevertheless, the district court emphasized that it was the jury's choice to determine the "measure of weight" and the importance of the label.  And the court instructed the jury that manufacturer information was "competent evidence" to consider "in determining whether each medical professional met the standard of care in this case."  On the whole, it was made clear

to the jury that all factual questions—including the import of the Bactrim label to Gonzalez's case—were to be resolved by them. We conclude, after considering "the complete charge to the jury," that the district court did not abuse its discretion. Neumann, 867 F.2d at 1104.

Gonzalez next challenges the district court's commentary about his lawyer. Because Gonzalez did not raise this objection at trial, we review for plain error. See Russell v. Anderson, 966 F.3d 711, 719–20 (8th Cir. 2020) (reviewing "only for plain error" because the appellant "did not object at trial" to the district court's comments to the jury). Gonzalez points to a single remark where the district court opined that his lawyer would "love to take on" a lawsuit involving drug companies and their labels. But Gonzalez does not explain how this comment affected the outcome of the trial. Without more, we cannot conclude that this remark was sufficiently pervasive or that it resulted in a miscarriage of justice. See id. at 722 ("When reviewing for plain error, this court 'will reverse only when a judge's comments were so pervasive as to affect the outcome of the trial and result in a miscarriage of justice.'" (citation omitted)).

B.

Gonzalez also argues that the district court erred by limiting his cross-examination of Dr. Leingang, the emergency-medicine expert for defendant Adams. A district court has broad discretion over evidentiary and trial management decisions. See Russell, 966 F.3d at 730 ("This court reviews for abuse of discretion evidentiary rulings and reverses only for clear and prejudicial abuse of discretion." (cleaned up and citation omitted)); Jackson v. Allstate Ins. Co., 785 F.3d 1193, 1203 (8th Cir. 2015) (explaining that a trial court's imposition of time limits on the presentation of evidence is "reversed only for an abuse of discretion").

Specifically, Gonzalez asserts that the district court erroneously precluded him from questioning Dr. Leingang about an admitted exhibit: McKenzie County Healthcare's policy on medication administration. We need not address whether this

ruling by the district court was an abuse of discretion because any error was harmless. See Cooper v. City of St. Louis, 999 F.3d 1138, 1140 (8th Cir. 2021) (declining to "address the merits of whether the [expert testimony] exclusion was a gross abuse of discretion" because "any error was harmless" (cleaned up and citation omitted)); Hall v. Arthur, 141 F.3d 844, 850 (8th Cir. 1998) (holding that this court will consider an erroneous evidentiary ruling as harmless unless "the jury was substantially swayed by the result of that error" (cleaned up and citation omitted)).

At trial, Dr. Leingang testified that he had never seen or reviewed the policy document and did not know whether such a policy was in effect at the time Adams examined Gonzalez. Accordingly, when defense counsel objected to additional cross-examination of Dr. Leingang about the policy document, the district court sustained the objection because Leingang "indicated an unfamiliarity with" the document. Gonzalez does not specify what testimony he would have elicited from Dr. Leingang had he been able to continue questioning the doctor about the policy document. We see no reversible error here. See Cooper, 999 F.3d at 1140 (holding that the exclusion of expert testimony did not merit a new trial because any error was harmless, since that testimony would not have added anything to the admitted evidence).

Gonzalez also contends that the district court erroneously denied his request for an additional ten minutes to cross-examine Dr. Leingang. A trial court may "impose reasonable time limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence." Cedar Hill Hardware & Constr. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 352 (8th Cir. 2009) (quoting Life Plus Int'l v. Brown, 317 F.3d 799, 807 (8th Cir. 2003)). To preserve this issue, the party "must have timely objected and made an offer of proof of the evidence excluded by the time limits." Harris v. Chand, 506 F.3d 1135, 1141 (8th Cir. 2007).

Gonzalez failed to make an offer of proof at trial,[7] so we review for plain error. See id. (noting that plain error review may be appropriate when "no offer of proof was made at trial"). Accordingly, we will reverse "only if the error was so prejudicial as to have affected substantial rights resulting in a miscarriage of justice." Walker v. Kane, 885 F.3d 535, 541 (8th Cir. 2018) (citation omitted). Gonzalez is unable to articulate how the district court's denial of an additional ten minutes to cross-examine Dr. Leingang resulted in a miscarriage of justice. He merely asserts that Dr. Leingang was an important witness whose opinions he needed to adequately "explore." This broad assertion, without more, does not persuade us that Gonzalez was prejudiced.[8] Indeed, with his last few minutes remaining, Gonzalez asked generalized questions that were not focused on the particular facts of his case. Although we caution district courts to ensure that time limits are "sufficiently flexible" during trial, we discern no plain error here. Harris, 506 F.3d at 1141.

IV.

Lastly, Gonzalez challenges the district court's award of costs for certain deposition transcripts and videos, which we review for an abuse of discretion. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). Federal Rule of Civil Procedure 54(d) provides that costs other than attorneys' fees "should be allowed to the prevailing party." See 28 U.S.C. § 1920 (enumerating costs that are recoverable). A district court may tax deposition transcript and video costs if the deposition was "necessarily obtained for use in a case' and was not 'purely investigative.'" Marmo, 457 F.3d at 762 (quoting Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)); see Craftsmen Limousine, Inc. v. Ford

---

[7]Gonzalez concedes that he did not "make an express offer of proof" at trial. To the extent Gonzalez argues that one was implied in his "cross-examination questions, Defendants' objections, and the Court's rulings," we are unpersuaded.

[8]Gonzalez also asserts that he would have elicited testimony from Dr. Leingang about the hospital policy document, but as discussed above, the district court precluded that line of questioning, and we discern no reversible error as to that ruling.

-11-

Motor Co., 579 F.3d 894, 898 (8th Cir. 2009) (holding that the "costs of video depositions are included under § 1920").

Gonzalez makes a conclusory assertion that the depositions whose costs he challenges were unnecessary, but he "fails to offer any specific basis to rebut the presumption in favor of awarding" the defendants their costs. Craftsmen Limousine, 579 F.3d at 897. Gonzalez points to the fact that there were "disparate" transcript and video charges "claimed by the Defendants for the same deposition," but he does not dispute the veracity of the charges. And an inconsistency in the costs submitted by the defendants, alone, does not bear on the district court's ability to impose them. See Marmo, 457 F.3d at 762. The district court did not abuse its discretion.

V.

For the foregoing reasons, we affirm.

_____